UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VERNON SNYPE, | CIVIL ACTION NO. 3:CV-14-0249 |
| Petitioner | (Judge Nealon) |
| v. | FILED SCRANTON |
| UNITED STATES OF AMERICA, | APR 29 2014 |
| Respondent | PER _____ DEPUTY CLERK |

## MEMORANDUM

Vernon Snype, an inmate presently confined in the Allenwood Federal Correctional Institution, White Deer, Pennsylvania, filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1, petition). Snype challenges a sentence imposed by the United States District Court for the Southern District of New York for bank robbery. Id. Specifically, Petitioner claims that his "current federal sentence was enhanced based upon unconstitutional prior state convictions." Id. For the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

## Background

On June 1, 2004, following a jury trial in the United States District Court for the Southern District of New York, Snype was found guilty on one count of

conspiracy to commit bank robbery, in violation of 18 U.S.C. §§ 371, 2113.[1] See United States v. Snype, 441 F.3d 119 (2nd Cir. 2006). He was sentenced to life in prison pursuant to § 70001(2) of the Violent Crime Control and Law Enforcement Act of 1994 (commonly referred to as the "three-strikes" law). Id. Snype was given an enhanced sentence based upon his three New York convictions for serious violent felonies. Id.

Snype filed an appeal of his judgment and sentence to the Second Circuit Court of Appeals. Id. On March 17, 2006, the conviction was affirmed. See United States v. Snype, 441 F.3d 119 (2nd Cir. 2006), cert. denied, 549 U.S. 923 (2006), rehearing denied, 549 U.S. 1090 (2006).

On October 24, 2007, Snype filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. See U.S. v. Snype, 2009 WL 2611930 (S.D. N.Y. Aug. 24, 2009). By Memorandum decision dated August 24, 2009, the motion was denied. Id. On October 6, 2009, his motion for reconsideration was also denied. See U.S. v. Snype, 2009 WL 3172728 (Oct. 6, 2009).

---

1. The jury was unable to reach a verdict on substantive charges of bank robbery, see 18 U.S.C. §§ 2113(a); aggravated bank robbery, see id. §§ 2113(d); and using a firearm in relation to aggravated bank robbery, see id. § 924(c), prompting the district court to declare a mistrial and to sever those counts for retrial following resolution of this appeal. Id.

Petitioner now files the instant action, challenging his current federal sentence on the basis that it was "enhanced based upon unconstitutional prior state convictions." (Doc. 1, petition).

**Discussion**

Motions filed under 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution or laws of the United States or are otherwise subject to collateral attack. Davis v. United States, 417 U.S. 333, 343 (1974); O'Kereke v. United States, 307 F.3d 117, 122–23 (3d Cir. 2002). However, a "second or successive motion must be certified as provided in section 2244 [28 U.S.C. § 2244] by a panel of the appropriate court of appeals...." 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Where a petitioner fails to obtain prior authorization from the court of appeals, the district court lacks jurisdiction over a second or successive section 2255 motion. See Pelullo v. United States, 487 Fed. Appx. 1, 2 n.2 (3d Cir. 2012).

Review of a petition filed pursuant to 28 U.S.C. § 2241 is limited to circumstances where the remedy available under section 2255 is inadequate or

ineffective to test the legality of detention. See 28 U.S.C. § 2255(e); O'Kereke, 307 F.3d at 120 (explaining that this exception is extremely narrow). "A motion under § 2255 is inadequate or ineffective 'only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his claim of wrongful detention.'" Yuzarv v. Samuels, 269 Fed. Appx. 200, 201 (3d Cir. 2008) (quoting Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002)). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id.; In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle, 290 F.3d at 538. Section 2241 should not be used as a way of evading the gatekeeping requirements of section 2255. Brown v. Mendez, 167 F. Supp. 2d 723, 727 (M.D. Pa. 2001) (Vanaskie, J.). If a petitioner improperly challenges a federal conviction or sentence under 28 U.S.C. § 2241, the petition must be dismissed for lack of jurisdiction. See Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

Here, Petitioner's claims must be raised under 28 U.S.C. § 2255. See Wallace v. Bledsoe, 2011 U.S. Dist. LEXIS 18799 (M.D. Pa. 2011) (Jones, J.)

4

(finding that the petitioner's claim that a prior conviction was improperly used to enhance his sentence must be brought by way of section 2255). Because section 2255 is an adequate and effective remedy, Petitioner may not proceed through a section 2241 petition. See Littles v. United States, 142 Fed. Appx. 103 (3d Cir. 2005) (affirming the dismissal of the petitioner's section 2241 petition for lack of jurisdiction because 28 U.S.C. § 2255 was not inadequate or ineffective to test the petitioner's claim that one of his previous convictions should not have been used to enhance his sentence); Pryce v. Scism, 2011 U.S. Dist. LEXIS 1171, *11 (M.D. Pa. 2011) (Jones, J.) (concluding that section 2255, not section 2241, is the appropriate section to address Pryce's claim, that he is actually innocent of being a career criminal because his prior state convictions should not have been considered to enhance his current federal sentence, and explaining that innocence of a sentence enhancement is not the same as actual innocence of the underlying criminal offense such that the remedy afforded by section 2255 would be inadequate or ineffective). As Petitioner did not obtain permission from the Second Circuit Court of Appeals to file a second or successive section 2255 motion, the instant petition will be dismissed for lack of jurisdiction. See Everett v. Recktenwald, 2013 U.S. Dist. LEXIS 21565, 2013 WL 593411 (M.D. Pa. 2013) (Conner, J.) (dismissing, for lack of jurisdiction, the section 2241 petition, wherein Everett claims that 28 U.S.C. § 2255 provides an

inadequate or ineffective remedy to test the legality of his detention based on the substantive change in law by Carachuri–Rosendo, 560 U.S. 563, 130 S.Ct. 2577, 177 L.Ed.2d 68, and Simmons, 649 F.3d 237, because Everett did not obtain permission to file a second or successive section 2255 motion).

Since there remains the possibility that Snype would be granted permission by the Second Circuit Court of Appeals to file a successive § 2255 motion, if appropriate, the Court will dismiss Snype's petition for a writ of habeas corpus under 28 U.S.C. § 2241 without prejudice to Petitioner requesting leave to file a second or successive § 2255 motion.

A separate Order will be issued.

Dated: April 29, 2014

**United States District Judge**